## MALLEY et ux. v. BILLINGS.

### No. 2056.

Court of Civil Appeals of Texas. Beaumont, March 4, 1931.

Rehearing Denied March 11, 1931.

Kitching & Kenna, of Beaumont, for appellants.

Barnes & Barnes, of Beaumont, for appellee.

WALKER, J.

This was a suit by appellants, Joe Malley and wife, against appellee for personal injuries inflicted upon Mrs. Malley and for damages to their automobile resulting from a collision between their automobile and the automobile of appellee. Appellants thus summarize the jury's verdict:

"The case was submitted to the jury upon special issues, twenty-eight (28) in number, and the jury answered said special issues by finding that the plaintiff, Mrs. Josephine Malley, was not in said automobile at the time of said collision and therefore sustained no injuries; that the plaintiffs' automobile was damaged to the extent of Fifty ($50.00) Dollars, by reason of said collision; that said damage and injury was a direct and proximate result of negligence on part of the defendant's employee and further found that the plaintiffs were guilty of contributory negligence by leaving their automobile parked upon the street at said time and place."

On this verdict judgment was entered in favor of appellee and against appellants. The contention here is that, notwithstanding the verdict of the jury on the issue of contributory negligence, judgment should have been in favor of appellants for the $50 damages to their automobile. There is no assignment or proposition asking that the judgment of the lower court be reversed and the cause remanded for a new trial, but only that the judgment be reversed and here rendered in appellants' favor.

■ The court entered the correct judgment upon the jury's verdict. The finding against appellants on the issue of contributory negligence was an absolute bar to their recovery, even though it be conceded, as appellants insist, that the charge of the court to the jury was erroneous.

■ The assignments of error upon which the appeal is based were not filed in the lower court until appellants perfected their appeal to this court. Upon that ground appellee has excepted both to the assignments and the propositions germane thereto. These exceptions are overruled. That a judgment does not give effect to the jury's verdict presents fundamental error, and may, in a case of this character, be suggested for the first time upon appeal in this court.

The judgment of the lower court is affirmed.